**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adrian WALDO–RAMIREZ, Defendant–Appellant.**

**No. 11–50180.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 30, 2011.

Mark R. Rehe, Hamilton Arendsen, Bruce R. Castetter, Asst. U.S. Attys., Of-

fice of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Daniel Casillas, Law Office of Daniel Casillas, San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Adrian Waldo–Ramirez appeals from the 21–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Waldo–Ramirez first contends that the district court erred in calculating the applicable Guidelines range in that it improperly denied a downward departure for cultural assimilation. This argument fails because "it is the *pre-departure* Guidelines sentencing range that the district court must correctly calculate." *United States v. Evans–Martinez,* 611 F.3d 635, 643 (9th Cir.2010) (emphasis added). In any event, in light of Waldo–Ramirez's criminal history, the court did not err in denying the departure. *See* U.S.S.G. § 2L1.2 cmt. n. 8.

Waldo–Ramirez next contends that his sentence is substantively unreasonable in view of his cultural assimilation. In light

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Waldo–Ramirez's within-Guidelines sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 770 (9th Cir.2006).

**AFFIRMED.**